UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GABRIEL ANTONIO MALDONADO-JOVEL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KRISTI NOEM, *et al.*,<br><br>　　　　　Respondents. | Case No.: 2:26-cv-00360-RFB-EJY<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS** |

　　　　Before the Court is Petitioner Gabriel Antonio Maldonado Jovel's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his civil detention at Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE"). Petitioner asserts his detention by Respondents without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act (INA) because he is properly detained under § 1226(a) and its implementing regulations and violates the Due Process Clause of the Fifth Amendment. See Petition ("Pet.") at 10-11, ECF No. 1.

　　　　The only authority Respondents provide for continuing to detain Petitioner without a bond hearing is their novel statutory interpretation of § 1225(b)(2)(A), which this Court has repeatedly found is unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090 (D. Nev. Feb. 5, 2026) (collecting cases). For the following reasons, and consistent with its prior decisions, the Court finds Respondents' ongoing detention of Petitioner under § 1225(b)(2)(A) is unlawful under the INA and Due Process Clause. Thus, the Court grants the Petition and orders Respondents to provide Petitioner a prompt bond hearing or immediately release him from custody.

1   The Court makes the following findings of fact. Petitioner is a native and citizen of Honduras who has resided in the United States since he entered the country without inspection over 24 years ago. See Form I-213, ECF No. 6-2. He was arrested by ICE officers on October 25, 2025, in West Valley, Utah and has been detained at NSDC without opportunity for release on bond by Respondents since. See id.; ECF No. 1 at 9. Soon after his arrest, DHS commenced removal proceedings against Petitioner, charging him as being present in the United States without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i). See Notice to Appear, ECF No. 6-3.

Petitioner sought a custody redetermination hearing (*i.e.* bond hearing) pursuant to 8 C.F.R. § 1236. See Bond Redetermination Hearing Decision, ECF No. 6-6. The Las Vegas Immigration Court immigration judge (IJ) acknowledged the declaratory judgment in Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), but denied Petitioner a bond hearing, because "[t]he official position of the Executive Office for Immigration Review is that Maldonado Bautista . . . does not purport to vacate, stay, or enjoin" Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) [hereinafter "Hurtado"], "immigration courts no longer have authority to issue bonds to any individual . . . who [has] not been admitted to the United States." Id. However, on February 18, 2026, the Maldonado Bautista Court *did* vacate Hurtado under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). See Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). Consequently, the immigration court's legal basis for not providing Petitioner with an individualized bond hearing is now void.

Further, this Court *independently* rejects Respondents' and Hurtado's statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by ICE far from any border or port of entry after years of residence in this country, for the reasons discussed in detail in this Court's previous decisions, which the Court incorporates and adopts by reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d ---, No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *7-11 (D. Nev. Nov. 24, 2025). The

1   Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case
2   law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi,
3   Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the
4   reasons identified in dissent by Judge Douglas, see id., at *10-18 (Douglas, J., dissenting), and by
5   other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-CV-00093, 2026 WL 353510, at *4
6   (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo.
7   Feb. 9, 2026).

8         Moreover, Buenrostro-Mendez did not address an as applied constitutional challenge to
9   Respondents detention policy under § 1225(b)(2)(A), which Petitioner raises here. The Court
10  incorporates by reference the legal authorities and standards set forth in Escobar Salgado regarding
11  the due process rights of noncitizens in Petitioner's position, including the Court's findings
12  regarding Respondents' erroneous reliance on Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S.
13  103 (2020) to contend that all undocumented noncitizens present in this country have no right to
14  due process under the Constitution. 2025 WL 3205356, at *22-24; see also Padilla v. U.S. Immig.
15  and Cust. Enf't, 704 F. Supp. 3d 1163 (W.D. Wash. 2023). Consistent with its prior decisions the
16  Court finds that Respondents' civil detention of Petitioner without a bond hearing and without
17  providing any individualized, constitutionally recognized justification for his detention violates
18  his procedural and substantive due process rights. See id. The Court therefore orders Respondents
19  to provide Petitioner a bond hearing wherein the government bears the burden of establishing an
20  individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his
21  detention is necessary to prevent danger to the community or to ensure his future appearance at
22  removal proceedings. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

23        Consistent with its broad equitable authority to fashion a habeas remedy for unlawful
24  detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty
25  that Petitioner has suffered and continues to suffer, Respondents must provide a bond hearing
26  promptly, no later than **March 3, 2026**, or immediately release him from custody on his own
27  recognizance. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

28        Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 1) Petition for

Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents, including the immigration court, must provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **March 3, 2026**. The immigration court must create a contemporaneous record of the bond hearing that is available to Petitioner upon request. See, e.g., Rodriguez v. Robbins, 715 F.3d 1127, 1136 (9th Cir. 2013).

**IT IS FURTHER ORDERED** that if bond is granted, Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be afforded until **April 3, 2026** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted by **March 3, 2026**, Respondents must **IMMEDIATELY RELEASE PETITIONER** from custody **ON HIS OWN RECOGNIZANCE**.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **March 4, 2026**. The status report shall detail if the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm Petitioner's release from detention in compliance with this Order.

1 | The Clerk of Court is instructed to enter judgment accordingly and close this case. The
2 | Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this
3 | matter to enforce the judgment without filing a separate case. The Court also retains jurisdiction
4 | to consider Petitioner's request for fees and costs. Any fee petition should be filed within the
5 | deadlines and consistent with the requirements set by the Equal Access to Justice Act, 28 U.S.C.
6 | § 2412.

**DATED:** February 23, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**